UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DARNELLE GIBSON and DARYL WILLIAMS

                Plaintiffs,

   *-against-*

CITY OF NEW YORK and
POLICE OFFICERS JOHN DOE #1-5,

                Defendants.
------------------------------------------------------------X

Index No. 25-cv-9515

**COMPLAINT**

Plaintiff Demands Trial by Jury

      Plaintiffs, DARNELLE GIBSON and DARYL WILLIAMS, by and through their attorney, Alexis Padilla, complaining of the defendants, CITY OF NEW YORK and POLICE OFFICERS JOHN DOE #1-5, upon information and belief, allege the following:

### PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiffs, DARNELLE GIBSON and DARYL WILLIAMS, seek relief for the defendants' violation of their rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiffs seek compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

### JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

1

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim involve a party which maintains its place of business within the Southern District of New York.

**JURY TRIAL DEMANDED**

4. Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

**PARTIES**

5. Plaintiff DARNELLE GIBSON is a citizen of full age, and a resident of Queens County, State of New York.

6. Plaintiff DARYL WILLIAMS is a citizen of full age, and a resident of Queens County.

7. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York with its primary place of business located within the Southern District of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police department and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officers.

8. Defendant POLICE OFFICERS JOHN DOE #1-5 were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendants POLICE OFFICERS JOHN DOE #1-5 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police

Department, in the course and scope of their duties and functions as officers, agents, servants and employees of the City of New York, were acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. They are sued individually and in their official capacities.

## STATEMENT OF FACTS

9. On or about August 23, 2025, at approximately 8:00 P.M., plaintiffs DARNELLE GIBSON and DARYL WILLIAMS were lawfully present on a public sidewalk standing next to their parked cars in front of 1502 Mott Avenue in Far Rockaway, Queens, when they were approached by defendant POLICE OFFICERS JOHN DOE #1-5.

10. Initially, defendant POLICE OFFICER JOHN DOE #1 approached plaintiff DARYL WILLIAMS and began speaking with him.

11. As the conversation progressed, plaintiff DARNELLE GIBSON approached Mr. Williams and asked if everything was alright.

12. After a brief back and forth, both plaintiffs began walking back towards plaintiff GIBSON's car.

13. As plaintiff GIBSON walked away, POLICE OFFICER JOHN DOE #1 said, "Get his keys."

14. Plaintiff GIBSON responded by tossing his car keys to plaintiff WILLIAMS.

15. In response, POLICE OFFICER JOHN DOE #2 grabbed plaintiff GIBSON by his right arm and POLICE OFFICER JOHN DOE #3 grabbed him by his left arm.

16. As they were holding plaintiff GIBSON, defendant POLICE OFFICER JOHN DOE #1 deployed his Taser against plaintiff GIBSON, causing him to experience extreme pain and emotional distress.

17. As this was happening, plaintiff WILLIAMS began recording with his cell phone.

18. At that point, defendant POLICE OFFICER JOHN DOE #4 slapped the phone out of his hand while POLICE OFFICER JOHN DOE #5 grabbed him and slammed him into a parked car, causing him to experience severe pain about his head and body.

19. Both plaintiffs GIBSON and WILLIAMS were handcuffed. Plaintiff GIBSON was placed face down on the sidewalk.

20. As plaintiff GIBSON was being detained, the defendant officers conducted a search of his vehicle.

21. Both plaintiffs GIBSON and WILLIAMS were eventually escorted by the defendant officers to the 100th Precinct, where they were placed in a holding cell.

22. Plaintiff WILLIAMS remained in the holding cell for approximately four hours before he was released with a desk appearance ticket. The charges against him were later dismissed.

23. Plaintiff GIBSON was eventually transferred from the 100th Precinct to central booking in Queens, where he remained until he was released, approximately 24 hours after he was initially taken into custody.

24. All charges against plaintiff GIBSON were also dismissed.

25. At no time during the events described above did the defendant POLICE OFFICERS JOHN DOE #1-5 have any cause or legal justification to use force against either plaintiff GIBSON or WILLIAMS.

26. At no time during the events described above did either plaintiff commit any act for which the use and level of force deployed by the defendants would be a reasonable response.

27. At no time during the events described above did either plaintiff commit any act for which they could be lawfully arrested.

28. At no time during the events described above did the defendant POLICE OFFICERS JOHN DOE #1-5 have any reason to believe that either plaintiff could be lawfully arrested.

29. As a result of the unjustified and unnecessary use of force deployed by the defendants, each plaintiff suffered pain and injury, including but not limited to the injuries described in this complaint and the violation of their constitutional right to be free from excessive force.

30. As a result of the abuse of the arrest power invested in the defendants by their employer, defendant CITY OF NEW YORK, plaintiffs did suffer injury, including but not limited to the loss of liberty and the violation of their constitutional right to be free from false imprisonment.

## AS FOR A FIRST CAUSE OF ACTION

***FALSE ARREST as against defendant POLICE OFFICERS JOHN DOE #1-5 in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983***

31. Plaintiffs repeat, reiterate and assert each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

32. At all times during the events described above defendants POLICE OFFICERS JOHN DOE #1-5 lacked probable cause to arrest plaintiffs.

33. All of the aforementioned acts of defendants were carried out under the color of state law.

34. All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

35. The acts complained of were carried out by the defendants in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

36. The arrests complained of resulted in plaintiffs' unlawful loss of liberty and in the violation of their right to be free from false imprisonment.

37. At all times relevant, each of the defendants had a duty to intervene and put a stop to the unconstitutional use of arrest power.

38. Each of the defendants had an opportunity to intervene in plaintiffs' unlawful detention yet each of the defendant officers failed to do so, in violation of their constitutional duty.

39. The acts and omissions complained of deprived plaintiffs of their right to be free from false imprisonment.

## AS FOR A SECOND CAUSE OF ACTION

*Excessive Force as against defendant POLICE OFFICERS JOHN DOE #1-3 in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983*

40. Plaintiffs repeat, reiterate and assert each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

41. At all times during the events described above defendants POLICE OFFICERS JOHN DOE #1-5 lacked probable cause to use force against either plaintiff.

42. All of the aforementioned acts of defendants were carried out under the color of state law.

43. All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

44. The acts complained of were carried out by the defendants in their capacities as police officers, with all actual and/or apparent authority afforded thereto.

45. At all times complained of, the defendants had an obligation to intervene and put a stop to the use of excessive force by their colleagues and each of them failed to do so.

46. The acts complained of resulted in pain and injury to both plaintiffs.

47. The acts complained of deprived plaintiffs of their right to be free from excessive force.

## AS FOR A THIRD CAUSE OF ACTION

*Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK*

48. Plaintiffs repeat, reiterate and assert each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

49. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiffs and is liable for the damages suffered by plaintiffs as a result of the conduct of the defendants. The conduct of the defendants was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

50. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that

allowed for a police officer to arrest a citizen without probable cause and in flagrant violation of their sworn oath to uphold the Constitution.

51. At all times relevant to this Complaint, it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the misuse of force and arrest power as described in this Complaint.

52. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated. The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiffs' rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: November 14, 2025
       New York, NY

By:      /s/Alexis G. Padilla
         Alexis G. Padilla, Esq. [AP7400]
         *Attorney for Plaintiffs*
         *Darnelle Gibson and Daryl Williams*
         378 Lewis Ave. #6
         Brooklyn, NY 11233
         Tel.: (917) 238-2993
         alexpadilla722@gmail.com