

**STEVEN BANKS**
*Corporation Counsel*

**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ODALMY RUIZ**
Assistant Corporation Counsel
Tel.: (212) 356-5053
Fax: (212) 356 3509
Email: odaruiz@law.nyc.gov

April 13, 2026

**BY ECF**
Honorable Robyn F. Tarnofsky
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:     Darnelle Gibson, et al. v. The City of New York, et al.
>           25 Civ. 9515 (ALC)(RFT)

Your Honor:

I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel for the City of New York, and attorney for defendant City of New York in the above-referenced matter. Defendant respectfully requests that the Court adjourn *sine die* the initial conference presently scheduled for May 12, 2026, at 11:00 a.m., until after the parties have fulfilled all requirements set forth by Local Civil Rule 83.10 (the "Plan").[1] Plaintiffs' counsel consents to this request.

By way of background, Plaintiffs allege, *inter alia*, that on August 23, 2025, they were subjected to an unlawful stop and, as a result, to false arrest, excessive force, and related claims. (*See* ECF No. 1). On November 17, 2025, this matter was referred to the Local Civil Rule 83.10 Plan, which applies to actions brought in the Southern District against NYPD officers alleging constitutional violations pursuant to 42 U.S.C. § 1983. (*See* ECF Docket Entry dated November 17, 2025). As the Court is aware, pursuant to Local Civil Rule 83.10, certain limited discovery and deadlines are pre-established in § 1983 Plan cases. The Plan also requires the parties to attend a

---

[1] Although the summons was executed on December 22, 2025, initially setting a January 12, 2026 response deadline (ECF No. 5), this action is governed by the Local Civil Rule 83.10 Plan (eff. Jan. 2, 2026), which controls Defendant's time to respond. Since Plaintiff did not serve the required N.Y. Crim. Proc. Law § 160.50 releases with the complaint, Defendant's time to answer did not begin to run until such releases were served. *See* Local Civil Rule 83.10(a)(1)(i), (c). Plaintiff served the releases on February 3, 2026, rendering Defendant's response due April 3, 2026. Defendant timely filed their Answer on that date. (*See* ECF No. 7).

mediation session within 10 weeks after the first defendant answers the Complaint, which in this case would be on or before June 12, 2026.

As such, in the interest of judicial economy, Defendant respectfully requests that the Court adjourn the deadline to submit a proposed case management plan and the date of the initial conference until a date convenient to the Court after the § 1983 Plan's completion.

Defendant thanks the Court for its consideration.

Respectfully submitted,

/s/ Odalmy Ruiz

Odalmy Ruiz
Assistant Corporation Counsel
Special Federal Litigation Division

CC: All Counsel by ECF

Application **GRANTED**. The initial case management conference scheduled for May 12, 2026 is adjourned. On the first business day of each month, the parties shall file a joint letter on the docket updating the Court of the status of their progress through the Section 1983 Plan.

The Clerk of Court is respectfully requested to terminate ECF 10.

Dated: April 14, 2026
        New York, NY

SO ORDERED

_____
ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

2